IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-01328-RPM

TRAIL'S END RANCH, LLC, and
TRAIL'S END OPERATING, LLC,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendants.

_____

FINDINGS, CONCLUSIONS AND ORDER FOR JUDGMENT
_____

On Sunday afternoon, June 12, 2011, a fire erupted in the San Isabel National Forest. It raged out of control for several days burning several thousand acres of the Forest and thousands of trees, fences and grasses on more than 700 acres of land on Trails End Ranch, owned by the plaintiffs. They filed this civil action seeking damages under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, claiming that the fire could have been prevented if the Forest Service had responded to a smoke alert called in to the Canon City Office by the ranch manager on the previous Saturday afternoon. The Forest Service denied receipt of such a call. That fact issue was the central focus of the trial on the question of liability, using the common law of Colorado. That law requires a landowner to address dangerous conditions on its land to prevent damage to an adjacent landowner's property.

There was an extreme drought condition making the danger of wildfire extremely high, giving rise to red flag warnings and no campfire postings in the Forest and by the Custer County Sheriff. Campfires were restricted to established sites. The wildfire

originated in a location near the intersection of Duckett Creek and Forest Road 337 where someone had built a campfire which was not fully extinguished, smoldering overnight, and bursting into flames when the wind came up the next day.

The Ranch was short on water because of the drought and Robert Canterbury with his wife, Sandra, drove an ATV up that road on Saturday afternoon, looking to see what snow pack remained at the high elevation. Mr. Canterbury testified that as they came down to Duckett Creek he smelled smoke and had a glimpse of vehicles parked near the location of the illegal campfire.

He said that he and his wife attempted to use their cell phones to call the Canon City Forest Service Office but could get no signal, which was not unusual in that area. According to the witness, he and his wife returned to their home on the Ranch. He said that he then went to the Ranch headquarters building and used the land line there to call the Forest Service public telephone number, 719-269-8500, which was answered by a male voice. Mr. Canterbury testified that he told that person of smelling smoke and seeing vehicles at the location and heard an answer that there had been earlier calls and it was being checked out. Mr. Canterbury said that with that assurance, he was no longer concerned about a fire and he and his wife had supper and went to bed in their normal routine. Mrs. Canterbury gave the same testimony, saying that she tried her cell phone also without success. She did not accompany her husband to the headquarters building to make the questioned call but said that he told her of it when he came back to the house.

The Forest Service and the BLM share the Canon City Office Building and the telephone number of a VOIP system with three receivers in the front lobby answered by

two employees at the front desk.  The public office hours are 8:00 a.m. to 4:30 p.m. Monday through Friday.  The public office is closed on Saturday and Sunday.

Robert Canterbury appears to be an honest, hardworking man and a reliable witness.  His relationship with the Forest Service has been amiable and cooperative.  His testimony as to the call to the Forest Service office number 719-269-8500 is not supported by other evidence.  It is contrary to objective facts.  There is no doubt that he and his wife smelled smoke in the area of the origin of the Duckett Fire.  There was extensive public activity in the forest and fires were permitted in designated areas and on private land within the area.

Craig Perry was on patrol in the area on Saturday afternoon and evening.  He testified to smelling smoke and said that the smell of smoke there was not uncommon with the Lake Creek Campground and the Lutheran Camp facility being within a mile of the Duckett Creek and Road 337 intersection.

The investigation conducted by Craig Perry and Gregg Goodland confirms that there had been a campfire in the location described by the Canterburys and that it was the point of origin of the wildfire.

What makes Robert Canterbury's testimony that he called the office implausible is the set-up of the office building and the normal functioning of the telephone system as it was in June, 2011.

The business hours of the office building were 8:00 a.m. to 4:30 p.m. Monday through Friday.  The public telephone number rings on three phone receivers in that small part of the building open to the public. Cynthia Giles, a BLM employee and Bea Deakins, a Forest Service employee, were stationed as receptionists at the front desk

and answered those phones when they rang.  At 4:30 p.m. the phones automatically switched over to "night service" and the caller would be given an "auto attendant" message giving a menu of options to the caller.  The phones in the office did not ring after the switch to night service.

The plaintiff has suggested a malfunction in this operating system on June 11, 2011, but there is no evidence of a "trouble ticket" at that time and the receptionists had no recollection of any failure at that time.

The public office is walled off from the rest of the building with locked security doors as access from the areas housing the BLM and Forest Service employees' desks and work area.  The area housing firefighting vehicles and equipment are under the same roof but in what is essentially a separate part of the building.  There were firefighters in that area on late Saturday afternoon but it would not be expected that they could have been able to answer the phone even if it was ringing.

Tyler Webb, a BLM employee, testified that he was in the office from 9:00 a.m. to 6:00 p.m. on Saturday, June 11, 2011.  He is in the Fire Management Office and has served as a Fire Duty Officer (FDO).  He and others testified that the on duty FDO has the responsibility to determine what, if any, resources will be called out to respond to a fire report.  The Pueblo Interagency Dispatch Center ("PIDC") is responsible for coordinating the resources necessary to respond as directed by the FDO.  The PIDC uses a computerized system called WILDCAD to perform that function and record the activity.  Mr. Webb was unaware of any calls to the office number and would not have heard a ringing phone because his desk is in an area of the building separate and apart from the reception area. He testified that he would not have contacted the PIDC for any

response to a report of smoke from the Duckett Creek area given the multiple places where fires were lawful at that time.

There is no WILDCAD record of any calls to the PIDC relative to the Duckett Fire on June 11, 2011.

When Robert Canterbury saw smoke on Sunday afternoon he called 911 to the Custer County Sheriff's office to report it.  When asked why he did not call that number on Saturday, he said he was calling the Forest Service because it was an illegal campfire which was within the jurisdiction of the Forest Service.  Mr. Canterbury was very active during the fire.  He checked for people in an abandoned mine area, he helped evacuate the children from the Lutheran Camp to the Ranch, which also became a staging area for the firefighters.  He also took action for the safety of the cattle.  At no time during his interaction with Forest Service employees did he complain about the failure to respond to his Saturday call.

There is a difference between finding that testimony has been fabricated and recognizing the fallibility of people in recalling the details of events preceding and during a wildfire evoking extreme emotions of fear and anger.  There is a human tendency to "remember" things that are favorable to one's position.

Paul Seegers and Scott Seegers, managers of the plaintiffs' Ranch, were and are angry about the damage done to their Ranch by this fire as shown by their testimony and their interactions with the Forest Service when they arrived days afterward.  The defendant suggests that Mr. and Mrs. Canterbury's testimony is influenced by a fear of losing their livelihood if this case is lost.  There is nothing to suggest such an outcome for them.  They are, however, subject to the frailty of human

nature that has sometimes been described as false memory.

Scott Seegers testified that he actively investigated the fire seeking to find those who started the campfire and seeking information from the Forest Service about its investigation. Failing in that effort, he pursued this claim.

To prove their claim under the common law of Colorado the plaintiffs must prove that the Forest Service was put on notice that there was such a dangerous condition on the Forest property that a failure to take reasonable measures to remedy it would endanger the adjacent property. In this case that means proof that there was notice of an incipient wildfire that could not be controlled within the borders of the public property.

Accepting Robert Canterbury's testimony that he made the call reporting the smell of smoke and the presence of vehicles, there is insufficient evidence that his report would have required calling out resources to respond in a manner that would have located and prevented this fire that did not flame up before Sunday afternoon. What was being reported was an illegal campfire with persons still attending it. This would reasonably be perceived as a call for law enforcement action. There would be the possibility of a failure to extinguish the fire properly but that is not the equivalent of a call for a response to an incipient wildfire.

The plaintiffs have failed to show by a preponderance of the evidence that the Forest Service failed to act reasonably to prevent damage to the Trails End Ranch from the Duckett Wildfire.

Based on these findings and conclusion, it is

ORDERED that judgment shall enter for the defendant, dismissing this civil action with an award of costs.

DATED: February 23rd, 2016

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge